**Ronald L. BOYER, Appellant,**

v.

**Carl WHITE, Appellee.**

**No. 85–1186.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 20, 1985.

Decided June 7, 1985.

Ronald L. Boyer, pro se.

George Cox, Asst. Atty. Gen., for appellee.

Before ROSS, ARNOLD, and BOWMAN, Circuit Judges.

PER CURIAM.

This is a pro se appeal by a state prisoner, Ronald L. Boyer, from the dismissal by the District Court of his petition for writ of habeas corpus. Boyer alleges a number of federal constitutional infirmities in his state-court conviction. The District Court dismissed his petition on the ground that the same federal issues had previously been raised in and rejected by the Court of Appeals of Missouri on petitioner's direct appeal. The District Court noted, in addition, that petitioner had raised the same questions in an action under 42 U.S.C. § 1983, dismissal of which by the District Court had been affirmed by this Court in *Boyer v. Riley,* 745 F.2d 62 (8th Cir.1984) (unpublished opinion). The District Court took the view that "the bar of collateral estoppel" required dismissal of this habeas petition. *Boyer v. White,* No. 83–862–C(4), slip op. 2 (E.D.Mo. October 5, 1984).

This was error. There has traditionally been an exception to the doctrine of res judicata for habeas corpus cases. See, *e.g., Allen v. McCurry,* 449 U.S. 90, 98 n. 12, 101 S.Ct. 411, 417 n. 12, 66 L.Ed.2d 308 (1980). That the state courts have previously rejected the very federal claim petitioner now seeks to raise in habeas, far from being a bar to habeas relief in the federal court, is actually a prerequisite to petitioner's right to apply for that relief. He is required to exhaust state remedies before coming into the federal habeas court. Nor is our previous decision in petitioner's § 1983 action a bar here. That decision was itself based upon the res judicata effect of the affirmance by the state courts of petitioner's conviction. And, in any event, a prior decision in a § 1983 action is not a bar to a petition for federal habeas corpus that seeks to raise the same constitutional arguments. *Burnside v.*

*White,* 760 F.2d 217 (8th Cir.1985). This is petitioner's first petition for federal habeas, so the abuse-of-the-writ principle, referred to by analogy in appellee's brief, cannot apply.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

It is so ordered.